UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-962-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the opinion of examining psychologist Jenna Yun, Ph.D.; assessing Plaintiff's residual functional capacity ("RFC"); and finding that Plaintiff's drug abuse and alcoholism ("DAA") was material to his disability. (Dkt. # 29 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1991, has a GED, and previously worked as a dishwasher and landscape laborer. AR at 237. Plaintiff was last gainfully employed in 2012. *Id.*

ORDER - 1

In November 2017, Plaintiff applied for benefits, alleging disability as of September 1, 2010. AR at 206-11. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 99-107, 111-20. After the ALJ conducted a hearing in June 2019 (*id*. at 34-73), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-28.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: alcohol abuse disorder, substance abuse disorder in remission, psychotic disorder, depression, and anxiety.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Accounting for substance abuse, Plaintiff can perform a full range of work at all exertional levels, with the following limitations: he can perform unskilled, repetitive, routine tasks in two-hour increments. He cannot have contact with the public. He can work in proximity to but not in coordination with co-workers. He can have occasional contact with supervisors. He would be 12 percent less productive than the average worker in the workplace. He would be absent from work two days per month.

Step four: Plaintiff is unable to perform past relevant work.

Step five: Accounting for substance abuse, there are no jobs existing in significant numbers in the national economy that Plaintiff could perform.

DAA findings: If Plaintiff stopped the substance abuse, he would continue to have severe impairments that do not meet or medically equal any listed impairment.

If he stopped the substance abuse, he would be able to perform a full range of work at all exertional levels with the following non-exertional limitations: he could perform unskilled, repetitive, routine tasks in two hour-increments. He could not interact with the public. He could work in proximity to but not in coordination with co-workers. He could have occasional contact with supervisors. He would be 9 percent less productive than the average worker in the workplace. He would be absent from work 11 days per year.

With this RFC, he would still be unable to perform his past work, but there are other jobs that exist in significant numbers that he could perform and he would therefore not be

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

disabled. Because Plaintiff would not be disabled if he stopped the substance use, his substance use is a contributing factor material to the disability determination.

AR at 15-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 3

## IV.     DISCUSSION

### A.     The ALJ Did Not Harmfully Err in Assessing Dr. Yun's Opinion

Plaintiff challenges the ALJ's assessment of Dr. Yun's opinion. Dr. Yun examined Plaintiff in November 2017 and completed a DSHS form opinion describing his symptoms and limitations. AR at 383-90. Dr. Yun identified multiple marked and severe functional limitations. *Id*. at 385-86.

The ALJ found that Dr. Yun's opinion was not supported by her mental status examination findings, specifically her findings that Plaintiff was well groomed, fully oriented, had a normal fund of knowledge, normal thought processes, normal perception, and intact abstract thought, and an ability to perform serial 3s. AR at 22. The ALJ also noted that Dr. Yun examined Plaintiff during a time when he was not engaged in treatment and admitted to recent drug and alcohol use, and thus her opinion "is not representative of the claimant's functioning when he is sober and engage[d] in treatment. More recent records show improvement with sobriety and mental health care and are consistent with lesser limitations." *Id*. For these reasons, the ALJ found Dr. Yun's opinion not persuasive. *Id*.

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly

1  supersede the "specific and legitimate" standard because the "specific and legitimate" standard
2  refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the
3  *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the
4  evidence).

5  Further, the Court must continue to consider whether the ALJ's analysis is supported by
6  substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82
7  Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have
8  focused more on whether we sufficiently articulated the weight we gave treating source opinions,
9  rather than on whether substantial evidence supports our final decision … [T]hese courts, in
10 reviewing final agency decisions, are reweighing evidence instead of applying the substantial
11 evidence standard of review, which is intended to be highly deferential standard to us.").

12 With these standards in mind, the Court turns to consider the ALJ's reasons for finding
13 Dr. Yun's opinion unpersuasive. The Court agrees with Plaintiff that the ALJ overstated the
14 normal findings contained in Dr. Yun's mental status examination, while ignoring the deficits
15 that do support Dr. Yun's conclusions. *See* AR at 387. The ALJ's other reason to discount Dr.
16 Yun's opinion is legally sufficient, however. The ALJ did not err in considering Plaintiff's
17 circumstances at the time of Dr. Yun's examination, namely his lack of treatment and his
18 somewhat recent substance use, and his improvement with sobriety and treatment. *See, e.g.*,
19 *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Although Plaintiff minimizes his
20 alcohol and marijuana use in the days prior to Dr. Yun's examination (dkt. # 29 at 7), the ALJ
21 cited evidence showing improvement in Plaintiff's symptoms when sober *and* regularly engaged
22 with treatment. *See* AR at 20 (citing *id*. at 773), 21 (citing *id*. at 734-45). Plaintiff admitted to Dr.
23 Yun that he was not engaged with treatment at the time of his examination. *See id*. at 383.

ORDER - 5

In disputing the ALJ's finding that Plaintiff's symptoms improved after he saw Dr. Yun, he emphasizes two inpatient hospitalizations that post-date Dr. Yun's examination. (Dkt. # 29 at 8.) Those hospitalizations were, however, in the context of substance use and/or non-compliance with treatment. *See* AR at 416 (noting test results positive for cannabis), 418 ("Will need additional information to determine the diagnosis but most likely has schizophrenia exacerbated by illicit drug use, marijuana use, and nonadherent to medications and outpatient mental health treatment"), 503 (noting with regard to alcohol use, Plaintiff had "binged for four days prior to admission" to the emergency department), 505 (same). Accordingly, those hospitalizations do not undermine the ALJ's finding that when Plaintiff is sober and compliant with treatment, his symptoms improve.

Because the ALJ provided a legally sufficient reason to discount Dr. Yun's opinion, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Did Not Harmfully Err in Assessing Plaintiff's RFC**

As noted above, the ALJ's RFC assessment indicates that when Plaintiff was using substances, he would be 12 percent less productive than the average worker and absent two days per month, but that if he stopped using substances he would be 9 percent less productive than the average worker and absent 11 days per year. *See* AR at 19, 25. RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Plaintiff contends that because the ALJ did not explicitly identify the foundation for the productivity and absenteeism findings, the ALJ's RFC assessments are erroneous. (Dkt. # 29 at 8-10.) As support for this argument, Plaintiff points to an Appeals Council order from another

ORDER - 6

claimant's case, where the Appeals Council found error in the ALJ's failure to link productivity and absenteeism RFC limitations with the evidence in that case. (*Id*. at 8-9.) That order is not operative in this case, and Plaintiff has not shown that the evidence presented in this case is the same as the evidence presented in that case.

Furthermore, although Plaintiff contends that "[t]here is no evidence in the record which addresses [his] productivity or absences" (dkt. # 29 at 9), the State agency opinions along with Dr. Yun's opinion comment on Plaintiff's ability to maintain work attendance and complete a workday without interruptions (AR at 81, 93, 386), and Plaintiff has not shown that the ALJ unreasonably translated those opinions into the productivity and absenteeism RFC limitations. *See Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (explaining that the ALJ is responsible for "translating and incorporating clinical findings into a succinct RFC" (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008))).

Plaintiff goes on to argue that the ALJ's absenteeism limitations are "bewildering" because the ALJ found that Plaintiff "would be more capable of attending work consistently while using substances, and less capable of attending work when he was not using substances." (Dkt. # 29 at 10.) This argument appears to result from mathematical confusion: the ALJ found that Plaintiff would miss two days of work per month (equivalent to 24 days of work per twelve-month year) when using substances, and would miss only eleven days of work per year (equivalent to less than one day per month) when sober. *See* AR at 19, 25. This aspect of the ALJ's decision is not bewildering, and is in fact consistent with the ALJ's finding that Plaintiff's symptoms and functionality would improve with sobriety.

Because Plaintiff has not shown any error in the ALJ's RFC assessment, the Court affirms this portion of the ALJ's decision.

ORDER - 7

### C. The ALJ Did Not Err in Finding Plaintiff's DAA Material

Plaintiff argues that the ALJ erred in finding his substance use to be material to the disability determination for several reasons. First, he argues that the ALJ's finding is not corroborated by any medical opinion (dkt. # 29 at 11), but cites no authority requiring such corroboration and the Court is not aware of any.

Second, Plaintiff argues that the ALJ cherry-picked evidence and ignored evidence showing that DAA was not material. (Dkt. # 29 at 11-12.) Plaintiff contends that the ALJ cited only a few examples of improvement when sober (*id*.), but that may be because Plaintiff was not sober for much of the adjudicated period. Plaintiff does not point to any examples of symptom flares while sober in the administrative record: he suggests that a hospitalization that is not documented in the record and occurred prior to the alleged onset date "would indicate disability even while sober" (*id.* at 12), but the Court declines to engage in this speculation. As noted above, Plaintiff's two hospitalizations during the adjudicated period were in the context of substance use and the provider notes do, contrary to Plaintiff's contention (*id.* at 13), address the relationship between Plaintiff's substance use and his symptoms. *See* AR at 416, 418, 503, 505, 515, 517 ("Abstaining from alcohol and other substances would likely help keep his psychotic symptoms as well controlled as possible."), 528 (provider's finding that Plaintiff's alcohol use "interferes with his medication compliance and/or his psychotic symptoms"). Plaintiff refused recommended medications for his symptoms while hospitalized (*id*. at 505-06), but nonetheless improved with even this short period of sobriety such that providers could discharge him. *See id*. at 507.

ORDER - 8

Because Plaintiff has failed to show that the ALJ's materiality finding was not supported by substantial evidence or was otherwise legally erroneous, Plaintiff has not shown error in this portion of the ALJ's decision.

V.     **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this  day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9